IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN RIDRIGUEZ, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-CV-5440 |
| | : | |
| MOSHE ATTAS, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM OPINION

**GOLDBERG, J.**                                                                                         September 8, 2022

    Currently before me is an amended pro se complaint by Plaintiff John Ridriguez. Ridriguez names as Defendants his landlord Moshe Attas and two corporate entities, Defendants Ivry Investment, LLC and Giovanni Real Estate, LLC. I previously granted Ridriguez leave to proceed in forma pauperis and dismissed his initial Complaint without prejudice to file an amended complaint that "clearly set[s] out a basis for federal jurisdiction." (Id. at 4.) For the following reasons, Ridgriguez's Amended Complaint will be dismissed for lack of subject matter jurisdiction with no further leave to amend.

**I.      FACTUAL ALLEGATIONS**

    According to Ridriguez's Amended Complaint, on September 24, 2020, Attas allowed police into Ridriguez's apartment, changed the locks, and removed and sold Ridriguez's personal belongings. (ECF No. 7 at 4-5[1].) Ridriguez also claims that Giovanni Real Estate broke the

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

apartment lease/contract and that Ivry Investment "removed [Ridriguez's] stuff." (Id. at 4.) As compensation, Ridriguez wants his personal belongings to be "replaced." (Id. at 5.)

## II. STANDARD OF REVIEW

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. See Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 105 (3d Cir. 2015). The complaint "must contain[] … a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1).

## III. DISCUSSION

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). For this reason, "most cases belong in state court." Degennaro v. Grabelle, No. 21-1536, 2021 WL 5445809, at *1 (3d Cir. Nov. 22, 2021). Cases that can be heard in federal court include cases based on federal law ("federal question jurisdiction"), see 28 U.S.C. § 1331, and cases in which the plaintiffs and defendants are from different states and the amount in controversy is at least $75,000 ("diversity jurisdiction"), see 28 U.S.C. § 1332(a).

Ridriguez's Amended Complaint does not contain a basis for federal question or diversity jurisdiction. First, it does not appear that there is a federal question governing Ridriguez's claims for breach of the apartment lease and theft of his belongings. Although Ridriguez indicates that he seeks to invoke the Court's federal question jurisdiction, it appears from the Amended Complaint that Ridriguez asserts purely state-law claims for breach of contract or tort. These state-law claims do not create federal question jurisdiction. See Degennaro, 2021 WL 5445809, at *1.

Ridriguez's Amended Complaint also does not establish diversity jurisdiction. Diversity jurisdiction requires that "no plaintiff be a citizen of the same state as any defendant." Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010). "A natural person is deemed to be a citizen of the state where he is domiciled." Id. An LLC is a citizen of every state of which any of its members is a citizen. Id. at 420. While Ridriguez does not allege the citizenship of the parties, the Amended Complaint states that all parties reside in Philadelphia. As such, Ridriguez has not alleged the diversity of citizenship necessary to establish federal jurisdiction over his claims.

## IV. CONCLUSION

For the foregoing reasons, I will dismiss Ridriguez's claims for lack of subject matter jurisdiction. As Ridriguez has already been given an opportunity to cure the jurisdictional defect in his case and did not do so, I will not grant further leave to amend. See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew, 944 F.3d 478, 483 (3d Cir. 2019) (denying further leave to amend to litigant who has had "two chances to tell his story").

An appropriate Order follows.